**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| AMERICAN FINANCIAL RESOURCES, INC. | CIVIL ACTION NO. 17-1242 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MICHAEL NUNLEY, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Judgment on the Pleadings (Record Document 26) filed by the Plaintiff, American Financial Resources, Inc. ("AFR"). Defendants Leonard Dunn, Sr. and Mary Sue Dunn ("the Dunns") oppose the motion. See Record Document 29. AFR also filed a Motion for Confirmation of Default as to Crystal A. Nunley and Michael Nunley ("the Nunleys") for failure to plead or otherwise defend. See Record Document 34. The Nunleys have not filed an opposition. For the reasons assigned herein, AFR's motions (Record Documents 26 and 34) are **DENIED**.

On January 28, 2017, AFR filed a complaint against the Nunleys seeking to foreclose on property located in Caddo Parish, Louisiana. See Record Document 1. AFR also names the Dunns as Defendants. See id. AFR alleges that it is the holder and owner of a promissory note executed by the Nunleys on May 16, 2012, and payable to the order of AFR. See id. at ¶ 12. AFR states that the note is also secured by a mortgage, which grants AFR a first-priority lien and security interest in the property. See id. at ¶ 13. AFR alleges that the mortgage contains a paragraph that provides for the acceleration of the note as follows:

      9. Grounds for Acceleration of Debt

[. . .]

    (b)    Sale Without Credit Approval. Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

        (i)    All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

        (ii)    The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

    (c)    No Waiver. If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

See Record Document 1 at ¶ 16; Record Document 1-3.

On September 9, 2016, the Nunleys are alleged to have executed a document with the Dunns entitled "Transfer Deed with Assumption of Mortgage" without the consent of AFR. See Record Document 1 at ¶ 18; Record Document 1-5. The transfer deed purports to "grant, bargain, sell, convey and deliver" title in the property to the Dunns upon their assumption of the mortgage previously executed between AFR and the Nunleys. See Record Document 1-5. The transfer deed was recorded on September 15, 2016. See Record Document 1 at ¶19; Record Document 1-5. Mr. Dunn filed an application with AFR to assume the mortgage and the note, but his request was denied on September 14, 2016, due to insufficient income. See Record Document 1 at

¶ 17. AFR disputes that the transfer deed is a valid conveyance of the property. See id. at ¶ 39.

Regardless of the validity of the transfer deed, AFR alleges that the mere execution of the transfer deed without their consent constitutes a breach of the terms of the mortgage by the Nunleys. See id. at ¶ 20. In response thereto, AFR accelerated the loan and demanded that the Nunleys immediately pay the balance in full. See id. at ¶ 21. AFR claims the Nunleys have failed to pay, and are now in default. See id. at ¶ 22.

AFR's complaint seeks a judgment of foreclosure on the property, a monetary judgment of $74,971.14 plus interest of (4.375%) per annum, and reasonable attorney's fees. See id. at ¶¶ 25-26, 31.[1] AFR also requests that the Court (1) issue a judgment revoking the transfer deed between the Nunleys and the Dunns pursuant to La. Civ. Code art. 2036, and (2) issue a declaration expunging the transfer deed from the Caddo Parish conveyance records. See id. at ¶¶ 37-38.

The Nunleys have not filed an answer, nor made an appearance in this case. The Dunns have filed an answer to AFR's complaint. See Record Document 13. The Dunns state that on January 21, 2014, Nationstar Mortgage, LLC ("Nationstar") filed a petition to foreclose on the Nunleys' property, alleging that it was the holder of the note

---

[1] The requirements of diversity jurisdiction pursuant to 28 U.S.C. § 1332 have been met. Interest is included in the amount in controversy when it is accrued pursuant to a contract. See Christiana Trust v. Henderson, 181 F.Supp.3d 375, 378 (S.D. Tex. 2016) (citing Danial v. Daniels, 162 Fed. App'x. 228, 290 (5th Cir. 2006)). Attorney's fees are also included in the amount in controversy when fees are allowed under a contract or statute. See Kent Materials, LLC v. Dirt Works, Inc., No. 16-0194, 2016 WL 4650073 at *5 (M.D. La. Aug. 11, 2016) (citing Graham v. Henegar, 640 F.2d 732, 736 (5th Cir. 1981)).

attached to AFR's complaint. See id. at ¶ 44.[2] The Dunns state that the property was seized and a Sheriff's sale was set. See id. at ¶ 47. However, the Dunns state that before the sale took place they stepped in and paid Nationstar the balance in arrears to bring the loan current. See id. at ¶ 48. The Dunns also state that they then began making monthly payments on the note and mortgage with the full knowledge and approval of Nationstar. See id. The Dunns represent that AFR, or its servicing agent, by accepting their payments on the property for several years, has accepted and approved their assumption of the note and mortgage. See id. at ¶ 34. Therefore, the Dunns submit that the transfer deed did not violate the terms of the mortgage. See id. at ¶ 35. The Dunns request that the Court issue a judgment declaring the transfer deed to be valid. See id.

## I. Motion for Entry of Default Judgment

The Nunleys failed to file an answer or make an appearance in this case. On November 2, 2017, AFR filed a motion for the entry of default against the Nunleys. See Record Document 11. On November 3, 2016, the Clerk of Court entered a default against the Nunleys. See Record Document 12. Due to concerns as to whether the prior personal service was successful, AFR served Crystal Nunley again, and thereafter filed a second motion for the entry of default. See Record Document 32. On March 13, 2018, the Clerk of Court entered a second default against Crystal Nunley. See Record

---

[2] The filings in the record do not provide the Court with the exact nature of the relationship between AFR and Nationstar, although the Dunns' answer suggests that Nationstar was a servicing agent of AFR. See Record Document 13 at ¶ 41. If admissible evidence demonstrates that Nationstar was indeed acting on behalf of AFR as a servicing agent, then Nationstar's actions may have bound AFR, which is relevant to the Dunns' estoppel defense.

Document 33. On April 12, 2018, AFR filed a Motion for Confirmation of Default as to the Nunleys. See Record Document 34.

Pursuant to Federal Rule of Civil Procedure 55, a court may enter a default judgment against a party who has failed to file a responsive pleading or otherwise defend a civil action. See Fed. R. Civ. P. 55(b)(2). The entry of a default judgment lies within the court's discretion. See Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998). A party is not entitled to default judgment as a matter of right, even where a defendant is technically in default. See Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001). When multiple defendants are named in a lawsuit it is often prudent for the court to deny granting a default judgment against one defendant until the merits of the claims against all defendants have been entered, especially when the issuance of a default judgment against one of the multiple defendants could result in inconsistent or illogical judgments. See Grimball v. New Orleans City, et al, No. 10-3657, 2012 WL 3027921, at *2 (E.D. La. July 24, 2012).

The Court finds that the entry of a default judgment against the Nunleys, including the right to seize and sell the property, may unduly prejudice the Dunns, who have filed an answer to AFR's complaint. The Court must consider AFR's claims against the Dunns on the merits. Further, the issuance of a default judgment at this early stage of the proceedings could result in inconsistent judgments. Accordingly, AFR's Motion for Confirmation of Default (Record Document 34) is **DENIED**.

II.  **Motion for Judgment on the Pleadings**

AFR also moves the Court to issue a judgment on the pleadings against the Nunleys and the Dunns pursuant to Federal Rule of Civil Procedure 12(c). See Record

Document 26. Rule 12(c) provides that any party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noted facts." Hebert Abstract Co., Inc. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." Great Plans Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (quoting Hughes v. Tobacco Institute, Inc., 278 F.3d 417, 420 (5th Cir. 2001)). The court is required to view the facts and inferences in a light most favorable to the nonmoving party. See Cameron Parish School Board v. State Farm Fire and Casualty Co., 560 F.Supp.2d 485, 487 (W.D. La. 2008); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed. 2018 update).

In support of its motion, AFR argues that a judgment on the pleadings is proper because the Nunleys are in clear breach of the terms of the mortgage and the Dunns are barred from raising equitable defenses by the plain language of the contract and the Statute of Frauds. See Record Document 26. AFR also contends that La. R.S. 6:1122 requires all credit agreements to be in writing, which precludes the Dunns from inserting their interests into the foreclosure process between AFR and the Nunleys. See id.

The Dunns contend that AFR, or its servicing agent, and the Nunley agreed in 2014 to modify the terms to modify of the mortgage, which is evidenced by AFR's acceptance of the Dunns' payment on the balance in arrears and AFR's decision not to

6

foreclose at the time. See Record Document 29. Alternatively, the Dunns argue that by accepting their monthly installment payments for several years AFR has ratified the modification and should be estopped from denying the assignment of the mortgage. See id. The Dunns also argue that they have detrimentally relied on AFR's acceptance of their payment of thousands of dollars on the note since 2014. See id. Finally, the Dunns argue that AFR, or its service provider, has waived its right to strictly enforce paragraph 9(b) previously discussed herein. See id.

Upon review of the pleadings, drawing all facts and inferences in a light most favorable to the nonmoving party, the Court finds that the Dunns have raised a substantial question on the issue of equitable estoppel. The Dunns have also alleged conduct on the part of AFR, or its mortgage service provider, relevant to the issue of whether the acceleration clause discussed above has been waived. Questions of fact remain which must be resolved through discovery and the submission of competent and admissible evidence. Therefore, AFR's Motion for Judgment on the Pleadings (Record Document 26) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 23rd day of August, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT